**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONNIE C. SATO, | CASE NO. 5:11-cv-00810 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |
| v. | |
| WACHOVIA MORTGAGE, FSB, et. al., | |
| Defendant(s). | [Docket Item No. 75] |

## I.   INTRODUCTION

Presently before the Court is Plaintiff Bonnie C. Sato's ex parte request for a temporary restraining order ("TRO")  and Order to Show Cause for preliminary injunction to enjoin Defendant Wachovia Mortgage, FSB, through its successor Wells Fargo Bank, N.A ("Defendant"), from proceeding with an unlawful detainer action currently pending in Monterey County Superior Court. See Docket Item No. 75.  Defendant acquired title to the property from Sato at a Trustee's Sale in or about January, 2011, after Sato defaulted on payments due under a Deed of Trust.  She subsequently filed this lawsuit alleging irregularities and fraud in the foreclosure process.

Defendants have filed written opposition.  Having reviewed the parties' submissions, the application will be denied.

## II.   DISCUSSION

Generally, the standard for issuing a TRO is the same as that for the issuance of preliminary

1

CASE NO. 5:11-cv-00810 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

1   injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2

2   (1977).

3          A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear

4   showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555

5   U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to

6   demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable

7   harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4)

8   that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

9   2009) (citing Winter, 555 U.S. at 20).

10         As a corollary to this test, the Ninth Circuit has also found a preliminary injunction

11  appropriate if "serious questions going to the merits were raised and the balance of the hardships tips

12  sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal

13  questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622

14  F.3d 1045, 1049 (9th Cir. 2010).

15         In considering the factors that must demonstrated for the issuance of a TRO, the court has

16  made certain observations regarding Sato's application. First, central to Sato's argument that she is

17  likely to succeed on the merits is her claim that Defendant failed to comply with Civil Code §

18  2923.5 and other requirements inherent to the California non-judicial foreclosure process. This

19  argument, however, is unavailing in light of the court's previous order addressing Defendant's

20  motion to dismiss the original complaint. There, the court dismissed without leave to amend Sato's

21  stand-alone claim under § 2923.5, as well as her claims for Quiet Title, Injunctive Relief,

22  Rescission, and violation California Business and Professions Code § 17200, all of which either

23  directly or indirectly relied on allegations of defective notice.[1] Since the effect of the dismissal was

24  to render those claims inapplicable in this case, Sato cannot rely on them now to make the showing

25  required for a TRO.

26

27         [1] "Sato's claim under § 2923.5 must be dismissed for three reasons: (1) § 2923.5 does not
    apply to Sato's mortgage loan, (2) § 2923.5 is preempted by HOLA, and (3) Sato is no longer
28  eligible for relief under § 2923.5 even if the statute was viable here."

                                                     2

CASE NO. 5:11-cv-00810 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1      Second, Sato's theory that NDex West had no ability to commence the foreclosure

2  proceeding was also rejected by the court.[2]  Her repeat of that argument in the instant application is,

3  much like her argument under § 2923.5, incapable of satisfying her burden.

4      Third, the record presented here reveals that Sato contributed to the "emergency" situation

5  within which she now finds herself.  "A delay in seeking a preliminary injunction is a factor to be

6  considered in weighing the propriety of relief."  Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d

7  1211, 1213 (9th Cir. 1984) (citing Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc., 335 F. Supp.

8  278, 280 (S.D.N.Y. 1971)).

9      As part of the order on Defendant's motion to dismiss, the court remanded to the superior

10  court the same unlawful detainer action Sato now seeks to abate.  In doing so, the court sanctioned

11  Sato for her apparent attempt to derail Defendant's endeavor to remove her from a home to which

12  she no longer held title.[3]  That order issued over six months ago.  It is therefore clear Sato has at

13  least known of the restoration of the unlawful detainer action for quite some time.  And although she

14  filed for bankruptcy soon after the remand, the court cannot ignore the fact that the automatic

15  bankruptcy stay was lifted on December 6, 2011.  See Req. For Judicial Notice, Docket Item No. 67,

16  at Ex. 2.  That being the case, Sato had well over a month to make this application in a less truncated

17  fashion rather than waiting until the "eleventh hour."

18      The court can only infer from the conduct described above that Sato, in furtherance of what

19  has become a distinct pattern of delay, has always planned to somehow avail herself of the expedited

20

21

22      [2] "Sato's allegations in each of these claims [for Quiet Title, Injunctive Relief, and
    Rescission] that NDex West had no ability to commence foreclosure proceedings due to a violation
23  of California Civil Code § 2934a is directly contradicted by judicially-noticeable documents
    referenced by Sato in the complaint, which plainly demonstrate NDex was substituted as trustee
24  before the Notice of Trustee's Sale was recorded."  See Order Granting Def.'s Mot. to Dismiss; Den.
    as Moot Def.'s Mot. to Strike; Granting Def.'s Mot. to Remand; Den. as Moot Pl.'s Ex Parte Mot. to
25  Amend Compl. ("Dismissal Order"); Docket Item No. 36, at 9:9-11.

26      [3]  "Since the court cannot find a valid reason for removal, it appears the this case was
    removed solely to delay the imposition of a state court judgment displacing Sato from the home, and
27  to force Wachovia to sustain additional costs. The court will not countenance such frivolous
    behavior, especially when the precise purpose of § 1447(c) is to prevent such tactics." See
28  Dismissal Order, at 19:20-23.

3

CASE NO. 5:11-cv-00810 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

United States District Court

For the Northern District of California

1    and sometimes superficial review given to ex parte requests due to their time-sensitive nature.[4]

2    Thus, regardless of their actual merit, whether Sato actually believes in the alleged legal bases

3    contained in her application is questionable. For this reason, the balance of equities do not weigh in

4    Sato's favor.

5         In addition, this court is prohibited by statute from issuing the type of injunction requested

6    by Sato. "A court of the United States may not grant an injunction to stay proceedings in a State

7    court except as expressly authorized by Act of Congress, or where necessary in aid of its

8    jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (the "Anti-Injunction Act").

9    Although Sato does not address the Anti-Injunction Act directly, the court cannot discern from the

10   current application how the request to simply stay the unlawful detainer action falls into one of the

11   exceptions listed in the Act. The cases cited by Sato seemingly relevant to this issue are

12   distinguishable since they arise in the context of enjoining a foreclosure sale, rather than enjoining a

13   subsequent ejectment lawsuit. See Hughes v. Bravo Credit, 2008 WL 2682699, 2008 U.S. Dist.

14   LEXIS 77099 (E.D. Cal. DATE); see also Reinholtz v. Select Portfolio Servicing, 2009 U.S. Dist.

15   LEXIS 7899 (S.D. Cal. DATE). In any event, the existence of a valid exception would unlikely

16   prevail since "[a]ny doubts as to the propriety of a federal injunction against state court proceedings

17   [will] be resolved in favor of permitting the state courts to proceed...." Atl. Coast Line R.R. Co. v.

18   Bd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).

19        While the court is certainly not immune to the incredible hardship experienced by those

20   faced with the potential loss of a home, it can only grant relief based upon a valid showing under the

21   law. Here, the court finds that Sato has not demonstrated likely success on the merits or that the

22   balance of hardships weighs in her favor, nor has she raised the type of "serious questions"

23   necessitating a preservation of the status quo. As also previously stated, the court is precluded from

24   _____

25        [4] "When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office
     to the judge. The judge drops everything except other urgent matters to study the papers. It is
26   assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that
     all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority.
27   The judge stops processing other motions. Even hearings or trials - where a courtroom full of
     deserving users of the court are waiting - are often interrupted or delayed." Mission Power Eng'g
28   Co. v. Cont'l Cas. Co., 883 F. Supp. 2d 258, 266 (C.D. Cal. 1995).

4

CASE NO. 5:11-cv-00810 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

1   granting the requested TRO by the Anti-Injunction Act. On these grounds, Sato's request must be

2   denied.

3                                **III.    ORDER**

4        Sato's application for entry of a Temporary Restraining Order and Order to Show Cause for

5   Preliminary Injunction is DENIED.

6   **IT IS SO ORDERED.**

7

8   Dated:  February 3, 2012                     

9                                               EDWARD J. DAVILA
                                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

CASE NO. 5:11-cv-00810 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION