IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| BONNIE C. SATO, | CASE NO. 5:11-cv-00810 EJD |
|---|---|
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES** |
| v. | |
| WACHOVIA MORTGAGE, FSB, et. al., | [Docket Item No(s). 83] |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Bonnie C. Sato ("Plaintiff") brought the instant action against Defendants Wachovia Mortgage FSB ("Wachovia"), Wells Fargo Bank and NDex West LLC (collectively, "Defendants") in Monterey County Superior Court for alleged irregularities in the foreclosure process after Plaintiff defaulted on a loan obtained to purchase real property located in Carmel, California. After removing the action to this court, Wachovia moved to dismiss Plaintiffs' Complaint. See Docket Item Nos. 1, 11. The court granted the first motion to dismiss with leave to amend on July 13, 2011, and Plaintiff filed an amended complaint on August 10, 2011. See Docket Item Nos. 36, 40. Wachovia then moved to dismiss the amended complaint. See Docket Item No. 41. After denying Plaintiff's interim request for a temporary restraining order, the court granted the second motion to dismiss without leave to amend on March 31, 2012. See Docket Item Nos. 78, 81. Judgment was entered in favor of Defendants. See Docket Item No. 82.

1

CASE NO. 5:11-cv-00810 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

1  Wachovia now seeks $46,358.00 as an award of attorney's fees and costs pursuant to certain provisions of Plaintiff's loan documents. See Docket Item No. 83. Plaintiff has filed written opposition to the motion. See Docket Item No. 85.[1] Having carefully considered the relevant documents, the court finds that Wachovia's motion should be granted for the reasons stated below.[2]

## II. DISCUSSION

### A. Fees are Awardable

The court must apply California law to determine whether Wachovia is entitled to fees under the terms of either the Fixed Rate Mortgage Note ("Note") or the accompanying Deed of Trust. See Wang Labs., Inc. v. Kagan, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (federal courts should apply law of state identified in contract).[3] Wachovia relies on California Civil Code § 1717 which allows fees and costs to be awarded to the prevailing party in any action on a contract "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . ." Wachovia also notes that California Code of Civil Procedure § 1033.5 provides for attorney's fees as allowable costs when designated by contract.

Here, the contract at issue is comprised of Plaintiff's Note and Deed of Trust. The Note states, in pertinent part:

> **Payment of Lender's Costs and Expenses:** The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

---

[1] Plaintiff's opposition to the attorney's fees motion was untimely according to Civil Local Rule 7-3. Although Plaintiff neither received advance leave of court nor offered an explanation for the late filing, the court has nonetheless considered the arguments contained therein.

[2] Wachovia's Request for Judicial Notice ("RJN") filed in support of this motion is GRANTED in its entirety. See Docket Item No. 84; Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010). Plaintiff's objections to the RJN (see Docket Item No. 86) are OVERRULED.

[3] In the section entitled "Governing Law; Severability," the Note identifies federal law as applicable to that document. See RJN, Ex. B, at ¶ 12. The Deed of Trust contains a similar provision but adds that the "law of the jurisdiction in which the property is located" also applies to the extent federal law does not. See id., Ex. C, at p. 9.

1 See RJN, Ex. B, at ¶ 7(E).

2     In addition, the Deed of Trust provides:

> If: (A) I do no keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws and regulations), then Lender may do an pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, *paying reasonable attorney's fees*, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . . .

See RJN, Ex. C, at p. 7 (emphasis added).

    Wachovia contends the fees incurred for the underlying foreclosure challenge fall within the provisions stated above because Plaintiff, as a borrower in default, sought to unwind an already-completed trustee's sale and permanently enjoin Wachovia from foreclosing on the property. Wachovia was therefore obligated to defend against Plaintiff's claims in order to preserve its interest in the property. For this reason, Wachovia argues that this action qualifies as an enforcement proceeding under the terms of the Note, as well as a "legal proceeding that may significantly affect" it's rights.

    This court, as well as others, have accepted Wachovia's argument based on the cited provisions of the Note and Deed of Trust and awarded attorney's fees under these circumstances. See Joseph v. Wachovia Mortg. Corp., No. 5:11-cv-02395 EJD, 2012 U.S. Dist. LEXIS 28866, 2012 WL 714968 (N.D. Cal. Mar. 5, 2012); see also Lopez v. Wachovia Mortg., No. 2:09-CV-02340-JAM-KJN, 2010 U.S. Dist. LEXIS 87444, 2010 WL 3034167 (E.D. Cal. July 30, 2010); Gens v. Wachovia Mortg. Corp., No. 10-CV-01073-LHK, 2011 U.S. Dist. LEXIS 97401, 2011 WL 3844083 (N.D. Cal. Aug. 30, 2011); Omega v. Wells Fargo & Co., No. C-11-02621(EDL), 2012 U.S. Dist. LEXIS 98399, 2012 WL 2906240 (N.D. Cal. June 26, 2012), adopted by 2012 U.S. Dist. LEXIS 118392, 2012 WL 2906301 (N.D. Cal. Aug. 21, 2012).

In response, Plaintiff argues that Wachovia's fee request falls outside the relevant sections of the Note and Deed of Trust. But these arguments are misplaced. To the extent Plaintiff contends the lawsuit was not "on the contract," she ignores the liberal interpretation that is applied in making that determination (see Blickman Turkus LP v. MF Downtown Sunnyvale, LLC, 162 Cal. App. 4th 858, 894 (2008)), as well as the allegations contained in the two complaints she filed in this action, each of which sought to either enforce or rescind the Deed of Trust. See Compl., Docket Item No. 1, at ¶ 75 ("Plaintiff is also informed and believe that Defendants have failed to properly assign and transfer their respective rights under the Deed of Trust . . . ."); see also First Am. Compl., Docket Item No. 40, at ¶ 72 ("Because Defendant Wachovia failed to comply with Section 226.23, Plaintiff has a continuing right to rescind."). Regardless of how Plaintiff now wishes to characterize it, it is unquestionable that this lawsuit falls within the contractual fee provisions for the purposes of Civil Code § 1717.

Plaintiff's argument that the attorney's fees provisions were rendered inoperable upon completion of the trustee's sale in 2010 fares no better. Under these circumstances, whether the Note and Deed of Trust were actually effective contracts at the time this action was commenced is of no moment; the operable determination is only whether the action at issue "involves" a contract. See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 347 (2008) ("In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action. . . . Here, although the remedy sought in the relevant causes of action was equitable, the claims were still actions 'on the contract,' i.e., the note and deed of trust."). Indeed, "[a]s long as an action 'involves' a contract, and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails, even if it does so by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." North Assocs. v. Bell, 184 Cal. App. 3d 860, 865 (1986).

In addition, Plaintiff's contention that the contractual fee provisions are unconscionable because they are one-sided is beside the point. Even if the court were to assume unconscionability, Wachovia would still be entitled to fees based on Civil Code § 1717 since that statute contains

4
CASE NO. 5:11-cv-00810 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

reciprocal fee language and remedies any substantive unconscionability which may arise from the unilateral provisions. <u>Santisas v. Goodin</u>, 17 Cal. 4th 599, 610-11 (1998) ("[S]ection 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy . . . . In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, 'whether he or she is the party specified in the contract or not.'").

Having rejected Plaintiff's arguments to the contrary, the court concludes that Wachovia is entitled to an award of attorney's fees.

**B.     The Reasonable Amount**

The court now considers the appropriate amount to award. When determining the amount of reasonable attorney's fees, the district court must consider the following factors to the extent they are relevant to a particular case: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.</u>, 791 F.2d. 1334, 1341-42 (9th Cir. 1986). The reasonableness of hourly rates should be examined "according to the prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984); <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate.").

Wachovia has provided an attorney declaration and copies of billing statements to support its request for $46,358.00. A review of these documents reveal that five attorneys and three paralegals from counsel's office worked on this action.[4] The attorneys' hourly rates range from $275.00 to $350.00, with the paralegals' rates ranging from $135.00 to $160.00. These rates do appear

---

[4] The court presumes that Malinda S. Sinclair is a paralegal although she is not identified in the supporting declaration.

5
CASE NO. 5:11-cv-00810 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

commensurate with those charged in the local legal community. See Phillips v. IMS Loans, Inc., No. CIV S-09-3112 FCD/EFB, 2010 U.S. Dist. LEXIS 107865, at *6-7, 2010 WL 3958653 (E.D. Cal. Oct. 8, 2010); see also Neufeld v. Wells Fargo Home Mortg., No. SACV 10-01620 JVS (AJWx), 2011 U.S. Dist. LEXIS 63238, at *5-6 (C.D. Cal. June 11, 2011). Accordingly, the court finds the rates reasonable for the San Francisco Bay Area.

What remains to be decided is whether the total amount requested is indicative of a reasonable amount of time and labor. Plaintiff argues it is not. The court disagrees for the most part. As the docket in this action clearly demonstrates, this was not the standard foreclosure challenge resolved through one boilerplate motion to dismiss. Indeed, the court previously described Plaintiff's claims as "complex and not meritless on their face," requiring the issuance of two lengthy memorandums. See Docket Item No. 81. Moreover, Plaintiff made significant effort to complicate this litigation in order to prevent it from reaching a timely conclusion. For example, Plaintiff (1) removed a related unlawful detainer action into this case despite this court's lack of jurisdiction over the matter (see Docket Item No. 14); (2) added nine new causes of action to an amended complaint in violation of Federal Rule of Civil Procedure 15 after most of her original claims were dismissed as preempted (see Docket Item Nos. 40, 81); and (3) filed a last-minute ex parte request for a temporary restraining order based primarily on dismissed claims. In light of the litigation that occurred, the amount requested by Wachovia comes as no surprise.

With that said, however, it is necessary to exclude certain fees. In addressing the Motion to Expunge the Lis Pendens, the court found Plaintiff acted with substantial justification and declined Wachovia's request for fees related to that motion. Despite that determination, it appears those fees have been included as part of the instant request. Having reviewed the billing statements and in particular the statement dated February 7, 2012, the court finds that the fees related to that motion amount to $3,366.00. In addition, the court must exclude $412.50 since a hearing on this motion did not occur. The amount awarded will be reduced accordingly.

For the reasons indicated above and in consideration of the relevant LaFarge factors, the

court finds it reasonable to award $42,167.00.[5]

### III.   ORDER

Wachovia's Motion for Award of Attorney's Fees (Docket Item No. 83) is GRANTED in the amount of $42,167.00.

**IT IS SO ORDERED.**

Dated:  January 3, 2013


EDWARD J. DAVILA
United States District Judge

---

[5] This amount was calculated as follows: $44,973.00 (for total billing through March, 2012) + $560.00 (3.5 hours paralegal time for preparing fees motion) + $412.50 (1.5 hours attorney time for fees motion) - $3,366.00 (fees excluded for Motion to Expunge) - $412.50 (fees excluded for hearing on fees motion) = $42,167.00.